### The accounting in JOHN WALTON's Estate.

A PETITION filed by a widow with the Surrogate for admeasurement of dower, is not the commencement of proceedings for the recovery of dower as contemplated by the statute.

EDWIN JAMES, *for Petitioner.*
DUDLEY FIELD, *for the Executors.*

THE SURROGATE. Ellen M. Walton, claiming to be the widow of John Walton, petitions that the executors of his estate account and pay over, out of the assets by them received, the sum due to her as annuity in lieu of dower, under the direction of his will, or make a final and equitable settlement with her, as directed under the alternative provisions of the will.

The executors answer: 1st. That Ellen M. Morrison, calling herself Ellen M. Walton, made her election, within one year from his death, to be endowed of the lands of the said John Walton, and not to take the provisions made for her, in lieu of dower, in the will; 2d. That the petitioner was never the wife, and is not now the widow, of John Walton; and, 3d. That the petitioner instigated the murder of John Walton. Upon the papers before me, I directed the preliminary argument of the question of law raised by the first portion of the answer, viz., as the alleged election to take dower.

Our statutory provisions relative to election of dower are, fortunately, very precise and distinct in this State:

" If lands be devised to a woman, or pecuniary or other provision be made for her by will, in lieu of her dower, she shall make her election whether she shall take the

lands so devised, or the provisions so made, or whether she will be endowed of the lands of her husband."

" When a woman shall be entitled to an election, under either of the two last sections, she shall be deemed to have elected to take such jointure, devise or pecuniary provision, unless, within one year after the death of her husband, she shall enter on the lands to be assigned to her for her dower, or commence proceedings for the recovery or assignment thereof." (*R. S., 5th ed., vol. 3, p.* 32, §§ 13 *and* 14.)

What the claimant of dower must do within the year, to constitute an election against the provisions of the will, is here set forth with absolute precision. If there shall have been an assignment of her dower, she must (1st.) enter upon the lands, thereby intimating her acceptance. If there be no assignment, she must (2d.) commence proceedings to compel an assignment; or (3d.) she must commence proceedings for recovery. Such an entry, or such a commencement, within the year, constitutes an election, and nothing else constitutes an election under the law.

1. An assignment is where the heirs of land assign her dower to the widow. (See *Roper's Husband and Wife, vol.* 1, *p.* 389, and *Bright's Husband and Wife, vol.* 1, *p.* 362.) In this case there was no assignment.

2. Nor were proceedings of any nature commenced by this petitioner to compel an assignment from the heirs.

3. The question remains: Was there within the year a commencement of proceedings for a recovery of her dower?

What is a proceeding for a recovery?

The statute (§ 18, *p.* 793), says:

" The widow to whom dower shall be admeasured, at the expiration of thirty days from the date of said confirmation, unless the same be appealed from, may bring and maintain an action of ejectment to recover the possession of the lands so admeasured to her for dower (in

which her right to such dower may be controverted), and upon recovery may hold the same," etc.

It is not pretended that the petitioner commenced any such action of ejectment for the recovery of her dower under this provision.

What then did she do?

She addressed a letter or notice, within the year, to the executors, notifying them that she rejected the provision made for her by the will, and that she did thereby " elect and claim dower." Also, within the year, she filed her petition, before the then Surrogate, asking an admeasurement of her dower, and commissioners of admeasurement were thereupon appointed. The time within which these commissioners were directed to report has since expired, and no report has been made by them. The executors argue that the petitioner, by these acts, elected to receive dower, and that she cannot now reconsider her purpose and claim under the provisions of the will.

I do not see how the commission of these acts can possibly constitute an election under our statute. The provision as to admeasurement reads:

" Any widow who shall not have had her dower assigned to her, within forty days after the decease of her husband, may apply by petition for the admeasurement of her dower." (*R. S.*, *5th ed.*, *vol. 3*, *p. 791*, § 1.)

The proceeding on an admeasurement must be distinguished from the proceedings on ejectment for a recovery. The first is by petition, on which the Court or Surrogate appoints three freeholders as commissioners to " admeasure and lay off one-third part of the lands," and directs the time at which they shall report (*p.* 792). On the coming in of their report and its confirmation, the widow (§ 8), " at the expiration of thirty days from the date of such confirmation, may then bring and maintain an action for ejectment to recover the possession of the lands so admeasured to her for her dower."

It seems to me sufficiently plain that the bringing of

this action of ejectment (after the confirmation of the report of the commissioners of admeasurement), and not the mere presentation of the petition for admeasurement, is the "commencement of proceedings" for the recovery of dower as comtemplated by the statute.

The statutory proceedings taken by a widow to procure admeasurement, are merely to ascertain the "extent and location of the dower lands." They determine nothing as to the right and title to dower. The question of marriage, or of divorce, or of felonious acts of the widow, or any other question affecting her right of dower, could not come up on such proceedings (§ 17, *p.* 173). The whole question of title is reserved for the distinct and separate ejectment action for recovery, which is consequent upon the termination of the admeasurement proceedings.

I arrive at the conclusion that no valid election by the petitioner to take dower in John Walton's estate has been made, and that she is to be deemed, in contemplation of the law, to have elected to take the provisions of the will, in spite of her notification to the .executors and her petition and proceedings for admeasurement.

Of course I decide nothing, at this time, as to the two remaining points in the answer of the executors, which deny her widowhood and allege the instigation by her of the murder of John Walton. These questions will require the taking of testimony, and the case must be set down for that purpose.